8/14/2020

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 19-930 (BRM) |
| v. | : Hon. Brian R. Martinotti |
| DEBERAL A. ROGERS | : |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney (Elisa T. Wiygul, Assistant U.S. Attorney, appearing), and defendant Deberal A. Rogers, a/k/a "Debbie Rogers" (Robert J. Haney, Esq., appearing) for a protective order for pre-trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, the defendant is charged in a one-count Indictment filed in this case with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), in violation of Title 21, United States Code, Section 846;

WHEREAS, the parties seek an Order protecting from disclosure to the public and third parties any documents, the information contained therein, and other information provided by the government to the defendant and her counsel of record during the course of this criminal litigation, including any documents, audio and video recordings, or other information provided in compliance with the Government's disclosure obligations pursuant to Rule 16

of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady v. Maryland, United States v. Giglio*, and any discovery scheduling orders the Court enters, that contain personal identifying information of third parties, including but not limited to, social security numbers, taxpayer identification numbers, FBI or SBI numbers, dates of birth, bank account numbers, email addresses, physical addresses, and telephone numbers, as well as sensitive, non-public information gathered during the course of the investigation, some of which relates to criminal conduct of presently uncharged parties and potentially identifying information regarding conduct by confidential human sources and other cooperating individuals (hereinafter, "Protected Information"); and

    WHEREAS, the parties have agreed that the procedure to regulate the disclosure and use of Protected Information will not impede the defendant's ability to prepare for her defense, but merely will protect against the improper dissemination or use of any personal, sensitive information contained in Protected Information.

    Therefore, IT IS HEREBY STIPULATED AND AGREED that the following provisions shall govern the handling of Protected Information during pre-trial proceedings:

    1.    In addition to making Protected Information available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with his own copy of Protected Information to facilitate preparation for trial.

2. Any Protected Information filed with the Court must comply with Federal Rule of Criminal Procedure 49.1.

3. Access to Protected Information will be restricted to personnel authorized by the Court, namely, the defendant and her counsel of record, and counsel's associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by the defendant and/or her counsel in connection with the criminal case), secretaries employed by counsel of record and performing services on behalf of the defendant, prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation), and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defendant. Protected Information may not be given to or remain in the custody of prospective witnesses.

4. The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

    a. Duplicate Protected Information for, or allow copies of any kind to be made by, any other person, or allow Protected Information to be otherwise disseminated;

    b. Allow the defendant to retain copies of materials containing Protected Information, unless such Protected Information is properly redacted;

      c.      Allow any other person to read, view or possess Protected Information; or

      d.      Use Protected Information for any other purpose other than preparing to defend against the charges in this case.

5.     Defense counsel shall advise any person to whom Protected Information is disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

6.     Defense counsel shall obtain a certification, attached hereto, from each person to whom Protected Information is disclosed, in which the recipient: (a) acknowledges the restrictions set forth in this Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel.  Defense counsel shall keep a copy of each certification to identify the individuals who received Protected Information and the date on which such information was first disclosed.  Defense counsel agrees not to disclose Protected Information to anyone who refuses to execute the certification.

7.     Defendant and her counsel may not disclose Protected Information to any person not identified in paragraph 3 above unless the defendant and/or her counsel make a written request to the Government for an exception to these restrictions, and such a request is granted.  If such exceptions are refused by the Government, the defendant and her counsel may seek relief from the Court.

8. Counsel for the defendant shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of Protected Information, counsel for the defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

9. The restrictions set forth herein shall not restrict the use or introduction of Protected Information in connection with the filing of motions or during the trial or other court proceeding in this matter, subject to this Order and Rule 49.1 of the Federal Rules of Criminal Procedure.

10. This stipulation is binding on all future and successor counsel.

11. Defendant and her counsel further agree that within a reasonable period of time following the conclusion of this litigation (i.e., when the defendant has exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the defendant's counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Protected Information, except for copies of Protected Information that remain in defense counsel's files and which are stored within defense counsel's offices or in a secure file storage facility.

**ORDER**

IT IS SO ORDERED this <u>14th</u> day of August, 2020:

_____
HON. BRIAN R. MARTINOITI
United States District Judge

**Form and entry consented to:**

_____
ELISA T. WNGUL
Assistant U.S. Attorney

_____
RO          J. HANEY, ESQ.
Counsel for Defendant Deberal A. Rogers

6

# **CERTIFICATION**

I,_____, acknowledge that I have read the Court's
    (Name of Recipient)

Protective Order in the case of *U.S. v. Deberal A. Rogers*, Crim. No. 19-930

(BRM) I also have been advised by_____, that I will be viewing
                                  (Name of Counsel)

materials that contain sensitive information.  I also have been advised that

such information should be held in strict confidence, should only be used in

connection with the investigation and trial preparation of this case and that

further disclosure, dissemination or use is prohibited without defense counsel=s

express consent.


_____          _____
      Signature                           Date